UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-21678-CIV-GAYLES

LUIS VALLADARES and
MADELINE VALLADARES,

        Plaintiffs,

vs.

PRAETORIAN INSURANCE COMPANY,

        Defendant.
_____/

## ORDER DENYING MOTION TO REMAND

THIS MATTER is before the Court on the Plaintiffs' Amended Motion to Remand [DE-12] and Defendant's response [DE-15]. Plaintiffs' complaint alleges four counts against Defendant based on Defendant's alleged failure to make payments under an insurance policy that covered Plaintiffs' property. Defendant removed this action, initially filed in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, based on the Court's diversity jurisdiction. Plaintiffs seek to remand maintaining that the Notice of Removal did not establish that removal was proper under 28 U.S.C. § 1446 because: (1) Defendant did not contend that the parties are diverse and (2) Defendant did not show that damages exceed the $75,000 threshold for diversity jurisdiction. Because Defendant properly removed this matter, the motion is denied, including Plaintiffs' request for fees related to the motion and removal.

First, Plaintiffs argue that Defendant did not comply with the requirements of § 1446 because, in the Notice of Removal, Defendant did not contend that the parties are diverse. While the Notice of Removal does not explicitly state that the parties are diverse, it does allege that Plaintiffs are citizens of Florida and that Defendant is a Pennsylvania corporation with its principal

place of business in New York. Under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of the state in which it is incorporated and the state where it has its principal place of business. Thus, the Notice of Removal has alleged facts sufficient to establish that the parties are diverse.

Second, Plaintiffs maintain that Defendant has failed to adequately establish that the amount in controversy exceeds the jurisdictional threshold of $75,000. Plaintiffs' complaint alleges that damages exceed $15,000.00. In support of remand, Plaintiffs submit a Public Adjuster's Statement of Loss Worksheet. Based on that, Plaintiffs appear to argue that the amount in controversy is only $54,377.66, which is the estimated amount of damages to the dwelling covered by the insurance policy. Plaintiffs' motion, however, ignores the additional coverage under the policy estimated by the Public Adjuster as $7,800.00 for ALE.[1] Thus, Plaintiffs seek $62,177.66 of coverage under the insurance policy. Plaintiffs have also ignored that their complaint seeks attorneys' fees pursuant to Florida Statutes, section 627.428(1). "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). In the instant case, it is more than reasonable to assume that fees will exceed $12,822.34. To buttress that contention, Defendant has submitted the Affidavit of Attorney Marc T. Parrino, an insurance litigator. The Affidavit estimates the legal fees that would be incurred litigating this matter within a reasonable degree of probability. He estimates fees would be at least $28,500.00. Thus, the amount in controversy, $62,177.66 plus $28,500.00, exceeds the $75,000.00 threshold.

---

[1] This term is not defined in the Statement of Loss Worksheet or the parties' papers.

Lastly, Plaintiffs argue that the State of Florida has a strong public interest in adjudicating insurance matters occurring within the state.  However, Plaintiffs have not provided any authority indicating that such an interest requires remanding a case that was properly removed.

In its opposition, Defendant points out that Plaintiffs failed to comply with Local Rule 7.1(a)(3). Not only did Plaintiffs' initial motion completely fail to comply with this Rule, Plaintiffs' attempt to rectify their error also did not comply with the Local Rule.  Under Local Rule 7.1(a)(3), a failure to comply may be a sufficient reason to deny a motion.  While that is not true when the issue is subject matter jurisdiction, Plaintiffs are warned that future filings must comply with the Local Rules.  Accordingly, it is

ORDERED that Plaintiffs' Amended Motion to Remand [DE-12] is DENIED.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of January, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE