UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  16-CIV-21678-DPG

LUIS VALLADARES and
MADELINE VALLADARES,

     Plaintiffs,

vs.

PRAETORIAN INSURANCE COMPANY,

     Defendant.

_____/

## MOTION FOR ATTORNEY'S FEES AND COSTS AND MOTION TO STRIKE

Plaintiffs, LUIS VALLADARES and MADELINE VALLADARES, by and through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure and 28 U.S. Code § 1927, hereby files this Motion for Sanctions and states as follows in support thereof:

1.     This matter arises out of a Complaint filed on behalf of Plaintiffs, LUIS and MADELINE VALLADARES, stemming from a contractual dispute with their insurer Defendant, PRAETORIAN INSURANCE COMPANY, who refused to render proper indemnity under a contract for insurance issued by Defendant to Plaintiffs.

2.     On or about March 23, 2017, Defendant filed a Notice of Hearing in this matter calling for argument before Magistrate Judge William C. Turnoff pertaining to pre-trial litigation conduct of Non-Party insurance adjuster Mr. Rami Boaziz. [D.E. 45].

3.     On or about March 31, 2017, the parties to this litigation reached a mutually agreeable settlement of this case and all pending litigation related hereto, including all discovery or otherwise related motion practice and stated the settlement constituted "a resolution of all pending matters with the Court."

4.      Included in the "General Release" to be executed by the parties Defendant sought to be held harmless for the following categories which included indemnification for the actions of the public adjuster in this matter, the same individual Defendant seeks to drag before the Court on this non-existent issue.

5.      In addition to the aforementioned Defendant seeks to be insulated from:

a)  "All claims related to any individual or entity's actions or inactions related to the property..."
b)  "Assigns and all other persons, firms or corporations with whom any of the former have been, or may hereafter be affiliated..."
c)  "Public adjuster fees..."

*See* Defendant's Email Providing Settlement Release, above language enclosed therein, attached as Exhibit "C." [1]

6.      These provisions are clearly aimed at insulating Defendant from possible countermeasures by Plaintiffs' Public Adjuster arising out of the vexatious conduct exemplified in forcing the instant hearing.

7.      Still despite seeking excusal of essentially any conduct in its release Defendant simultaneously attempts to move against Plaintiffs' Public Adjuster - who should be covered by the terms of the general release as an "individual or entity's actions or inactions related to the property."

8.      Despite settlement of the underlying case, Defendant continues to attempt to move forward with the hearing set for April 13, 2017, on a matter which no longer bears any relevance whatsoever to the instant case.

---

[1] Note: Plaintiffs do not provide the Court with the General Release itself as the content therein would constitute confidential settlement materials which under the conditions set forth therein are not to be disseminated absent prior written consent. Plaintiffs will produce this document upon request if it is deemed necessary.

9.      As Plaintiffs and Defendant have come to a settlement of this cause Plaintiffs do not wish to incur more time in this *settled matter* and further wish to spare the Court the need to determine issues which are moot.

10.      After the effectuation of settlement in this case Plaintiffs again requested, as part of the closing process, that Defendant cancel its formerly noticed discovery hearing as same was no longer necessary in light of the resolution of the case.

11.      Inexplicably, and despite offering no justification, Defendant's counsel has represented that Defendant wishes to attend the discovery hearing despite same being mooted by settlement of this matter.

12.      Plaintiffs' counsel sent correspondence again requesting that the hearing of April 13, 2017, be cancelled as there was no purpose in forcing the parties and subject non-party from using Court resources litigating a settled matter. *See* Plaintiffs' April 10, 2017, letter, attached as Exhibit "A."

13.      Despite Plaintiffs' counsel's requests Defendant's counsel has essentially represented that Defendant wishes to "punish" non-party, Rami Boaziz, for being unable to attend a unilaterally set deposition scheduled several months ago.

14.      Defendant's counsel has stated that the hearing on April 13, 2017, "**solely involves** Praetorian and Rami Boaziz of Stellar Public Adjusting" thereby confirming that this hearing does nothing to advance this particular cause. *See* Defendant's Response to Plaintiffs' April 10, 2017, letter, attached as Exhibit "B." [Emphasis Added].

15.      The settlement of this matter was expressly applicable to the Public Adjuster in this matter, Mr. Rami Boaziz and Stellar Public Adjusting, LLC., who have a valid and enforceable interest in the proceeds of this claim.

16. Plaintiffs would not have agreed to settle if it had been known that Plaintiffs' Public Adjuster would still need to participate in the litigation of this claim as the settlement itself was premised on the case's *status quo* posture *at the time of settlement.*

17. Any disruption to the Public Adjuster is a disruption to the settlement itself which was predicated on the finalization and dismissal of any and all pending legal action in this case, including any pending matters against third parties with an enforceable interest in the settlement funds to be dispersed.

18. Had Plaintiffs known that Defendant intended post settlement litigation the terms of the settlmenet would have had to have been altered to properly account for same.

19. The Court does not exist to hash out personal differences between an insurer and a Public Adjuster which have no direct influence on the case at bar.

20. Essentially, Defendant is multiplying the proceedings under Plaintiffs' case and claim to essentially create a *de facto* action against a **non-party** in this action and attempts to use Plaintiffs' closed action as a vehicle for same.

21. ***Defendant states that this hearing has nothing to do with Plaintiffs*** and is simply a dispute between Defendant, PREATORIAN, and a non-party, for which Plaintiffs bear no responsibility. *See* Exhibit "B."

22. Defendant's statement is untrue as Plaintiff's Public Adjuster has a valid and enforceable claim to the settlement proceeds in this matter and thus has an impact on Plaintiffs' decision to settle the underlying claim, any disruption of this arrangement puts the rights and responsibilities of Plaintiffs in question.

23.     This is not the mechanism for pursuing Defendant's private interests during litigation and Defendant cannot be allowed to advance its own agenda under the guise of settling a non-existent discovery dispute.

24.     Defendant has stated, "The settlement agreement between the parties was just that -- a settlement between the parties and did not involve any claims that Praetorian may have against a non party who failed to show up at deposition." *See* Exhibit "B."

25.     If Defendant seeks to enforce "claims" against a non-party it must file an action on its own behalf and not "piggy back" on Plaintiffs' case and filings to accomplish personal goals.

26.     This type of vexatious conduct is not what the Court is instituted to handle and is detrimental to the expeditious rendition of justice for which this Court strives to provide to the community at large.

27.     Defendant's continued attempts to move forward with the April 13, 2017, hearing constitute a patently frivolous and harassing pattern of conduct which can be interpreted as nothing less than a "head hunting" mission with regard to Mr. Boaziz.

### MEMORANDUM OF LAW

**I.     Pursuant To 28 U.S. Code § 1927 Defendant's Actions Are Sanctionable.**

As is stated above, Plaintiffs consider this matter settled and do not believe any further litigation of this case is appropriate considering the settlement agreement articulated by the parties. As the subject agreement calls for the resolution of all pending matters before the Court Plaintiffs believe any attempt to further litigate this case - through motion or hearing - constitutes knowingly bad faith conduct on the part of Defendant and is a blatant attempt to harass a *non-party* in this litigation into attending a discovery hearing on a closed case. *See* Exhibit "B." Furthermore, Plaintiffs' counsel will be forced to attend said hearing as Plaintiffs rights and

obligations with reference to this suit will be at peril. There is no purpose for Defendant's scheduled hearing and accordingly sanctions are appropriate as a matter of law.

It is clearly articulated that when it becomes obvious that an attorney is unreasonable or vexatious in advancing a claim the law allows for recourse,

> "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof **who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred** because of such conduct."

28 U.S. Code § 1927. [Emphasis Added].

It is important to note the specific purpose served by the statute, "§ 1927 addresses 'dilatory tactics throughout the entire litigation' and is focused solely on attorney conduct" *Amlong & Amlong, P.A. v. Denny's, Inc*., 500 F.3d 1230, 1241 (11th Cir. 2007) (*quoting Chambers v. NASCO, Inc*., 501 U.S. 32, 47, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). "To justify an award of sanctions pursuant to section 1927, an attorney must engage in unreasonable and vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003); *McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir.2001), amended on reh'g, 311 F.3d 1077 (11th Cir.2002), cert. denied sub nom; *Nemesis Veritas, L.P. v. Toto*, 539 U.S. 914, L.Ed.2d 129 (2003).

"The statute was designed to sanction attorneys who 'willfully abuse the judicial process by conduct tantamount to bad faith.'" *Malautea v. Suzuki Motor Co., Ltd*., 987 F.2d 1536, 1544 (11th Cir.1993) (*quoting Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir.1991)). "Bad faith" is the touchstone. Section 1927 is not about mere negligence. *See Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir.2002); *Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa*., 103 F.3d 294,

297–98 (3d Cir.1996); *Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir.1995). "A determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Thomas v. Tenneco Packaging Co., Inc*., 293 F.3d 1306, 1320 (11th Cir.2002)

It is difficult to ascertain what - if any - purpose is served by forcing the Court, Plaintiffs' counsel, and non-parties to this case to attend a hearing relating to a moot discovery dispute on a settled case. It is hard to imagine a situation more appropriate for the Court to find that a § 1927 violation has occurred and to impose sanctions as a result. The circumstances facing the Court instantly are a clear abuse of an attorney's power and a misappropriation of this Court's scarce resources. To recap, the parties have settled this claim, there is therefore *absolutely no purpose* for forcing Plaintiffs to attend a hearing on discovery in this matter as the case is closed and settled. As no legitimate purpose any longer exists for the conduction of the discovery hearing there is very little justification remaining to prove to the Court that this hearing is being forced forward for anything but "harassing" and "improper."

Furthermore, in direct derogation of the stated purposes of § 1927, Defendant and its counsel are knowingly driving up fees in a settled case, assuming that Plaintiffs will bear the burden of this post-settlement litigation. Same is untrue and if Plaintiffs are forced to prepare for and attend a needless hearing on this matter Plaintiffs' counsel will seek fees from Defendant as a result of Defendant "needlessly increas[ing] the cost of litigation." Moreover, this is a clear instance of an attorney knowingly multiplying the proceedings in this case unreasonably and vexatiously in an attempt to "punish" a **non-party to this litigation.** Defendant's counsel's conduct is inappropriate and the costs of same should not be borne by Plaintiffs in this settled action.

The situation here is clear. The parties have settled the case, but Defendant still harbors discontent with respect to Mr. Boaziz, and seeks to personally harass Mr. Boaziz as a result of this perceived conduct - *which has <u>nothing</u> to do with Plaintiffs or their claim.* Defendant is utilizing the hearing set for April 13, 2017, as an instrument of retribution and does not seek to remediate any discovery disputes in this **settled** case. Sanctions are appropriate under § 1927 for Defendant's needless multiplication of proceedings in this matter and is responsible for Plaintiffs' counsel's time and costs as a result.

**II.     Defendant's Meritless Hearing Of April 13, 2017, Must Be Stricken By This Court.**

As is outlined herein, Defendant in this matter is simply attempting to take this case "one step" further and in doing so is essentially skewering a non-party to this litigation who must now take time off work, to attend an unnecessary hearing on a settled case. Not only this, but Plaintiffs' counsel is being forced to attend a hearing on a matter which has already been settled for a fixed sum commensurate with client demands and fees incurred to date. Defendant has already multiplied the pleadings in this matter by forcing the instant motion practice and should not allowed to essentially force litigation upon Plaintiffs *after* an agreement to conclude these proceedings had been reached.

Under Federal Rule of Civil Procedure 12, a Court upon its own initiative or upon the request of any party may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Federal Rule of Civil Procedure 12(f). "An allegation is impertinent if it is irrelevant to the issues and which are not properly in issue <u>between the parties</u>." *Blake v. Batmasian*, No. 15-81222-CIV, 2017 WL 743576, at *1 (S.D. Fla. Feb. 27, 2017). [Emphasis Added]. "The purpose of a motion to strike is to... avoid unnecessary forays into immaterial matters." *Liberty Media Holdings, LLC v. Wintice Group, Inc.*, No. 6:10–

cv–44–Orl–19GJK, 2010 WL 2367227, *1 (M.D. Fla. June 14, 2010); *Hutchings v. Fed. Ins. Co.*, 2008 WL 4186994 at *2 (M.D. Fla. Sept. 8, 2008).

Here, it is uncontroverted that a discovery hearing aimed at a non-existent issue on a *settled case* is not only impertinent to the case at hand but does absolutely nothing to advance the case at bar - which has been settled for almost two weeks. Furthermore, the purpose of a Motion to Strike is to remove the need for unnecessary forays into immaterial matters. As the discovery deposition of Mr. Boaziz will *never become an issue* between the parties to this action any hearing conducted on same is absolutely inconsequential and is a waste of judicial resources - and by its very definition is immaterial to the case of *Madeline and Luis Valladares v. Praetorian Insurance Company*. Plaintiff did not sign up as a passenger on the quasi-derivative proceeding of *"Rami Boaziz v. Praetorian "* as same does not exist. If Defendant wishes to hash out issues with Mr. Boaziz it cannot do so through a proxy war in a settled matter. Defendant is more than free to file a separate action with regard to these issues, but with reference to the instant matter, the hearing scheduled for April 13, 2017, must be stricken as redundant and immaterial for the reasons set forth herein.

**WHEREFORE,** Plaintiffs respectfully ask this Court strike the hearing scheduled for April 13, 2017, award sanctions against Defendant and their counsel for the needless litigation of this matter; and for any and all other relief this Court finds just and proper.

## CERTIFICATE OF SERVICE FOLLOWS

9

## LOCAL RULE 7.1 CONFERRAL

Plaintiffs' counsel wrote correspondence to Defendant and its counsel on or about April 10, 2017. Defendant's counsel advised that it did not agree to cancelling the hearing and stated that the settlement of the underlying case had nothing to do with Defendant's desire to move forward with the hearing set for April 13, 2017. Defendant again refused to cancel same. *See* Exhibit "B."

## CERTIFICATE OF SERVICE

I certify that on April 11, 2017, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, which will send a Notice of Electronic Filing to counsel for the parties to this action:

Respectfully submitted,
By: *s/ David Avellar Neblett*
DAVID AVELLAR NEBLETT, ESQ, B.C.S.
Florida Bar No.: 526371
JAMES M. MAHAFFEY III, ESQ.
Florida Bar No.: 105353

## SERVICE LIST

| **Perry & Neblett, P.A.** | **Garrison, Yount, Forte & Mulcahy, L.L.C.** |
|---|---|
| David Avellar Neblett, Esq. | Joseph Gelli, Esq. |
| James M. Mahaffey, Esq. | Brian A. Oltchick, Esq. |
| 2550 South Bayshore Drive, | 601 Bayshore Blvd. Suite 800 |
| Miami, FL 33133 | Tampa, Florida 33606-2760 |
| Email: david@perryneblett.com | Telephone: (813) 275-0404 |
| terry@perryneblett.com | Facsimile: (813) 275-0304 |
| Telephone: (305) 856.8408 | E-Mail: boltchick@garrisonyount.com |
| Facsimile: (305) 856.8409 | eservice@garrisonyount.com |
| *Attorneys for Plaintiff* | *Counsel for Defendants* |